UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EDWARD K. PROCTOR,

                              Plaintiff,

                                                                             DECISION AND ORDER

                                                                             04-CV-6504L

                    v.

SUPERINTENDENT POOLE,
OFFICER DEMERS,

                              Defendants.
_____

       Plaintiff, Edward K. Proctor, appearing *pro se*, commenced this action under 42 U.S.C. § 1983 on October 18, 2004. Plaintiff, who at the time he filed the complaint was an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), has sued two DOCS employees, alleging that they violated plaintiff's constitutional rights in a number of ways.

       On November 21, 2005, defendants filed a motion to dismiss the complaint pursuant to Rule 37 of the Federal Rules of Civil Procedure, based on plaintiff's failure to appear for a deposition on either its original scheduled date of September 13, 2005, or the rescheduled date of November 10, 2005. Defendants' motion is granted.

       When the complaint was filed, plaintiff was confined at Five Points Correctional Facility in Romulus, New York. In a letter to the Court dated April 13, 2005, plaintiff stated that he was

scheduled to be released from custody on April 27, but that he could participate in a telephone conference scheduled for May 10 from his residence at an address on Putnam Avenue in Brooklyn. The docket sheet in this case indicates that the May 10 telephone conference was rescheduled for May 31, and that it was held on that date. *See* Dkt. #12.[1]

On August 2, 2005, defendants mailed plaintiff a notice of deposition, which was sent to the Brooklyn address that plaintiff had given in his April 13 letter. Dkt. #15. After plaintiff failed to appear on the scheduled date of September 13, defendants issued a second notice on September 29, directing plaintiff to appear for deposition on November 10. According to defendants' attorney, plaintiff failed to appear for that deposition as well. *See* Declaration of Tamara B. Christie (Dkt. #10) ¶ 10. According to defense counsel, plaintiff was aware that the deposition had been scheduled (and rescheduled), because he had discussed it with her in a telephone conversation on September 22 and in a telephone message on November 14. Dkt. #10 ¶¶ 7, 11. On both those indications, he indicated that he wished to pursue this action. *Id.*

Defendants filed their motion to dismiss on November 21. The following day, the Court issued a scheduling order directing plaintiff to respond to the motion by December 22, 2005. The order stated, in part, "THE CLAIMS PLAINTIFF ASSERTS IN HIS COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF HE DOES NOT RESPOND TO THIS MOTION by addressing the arguments contained in the defendants' motion." Dkt. #21.

The scheduling order was sent by certified mail to plaintiff's stated address in Brooklyn. It was returned by the Postal Service as undeliverable on December 22. The Court has received no

---

[1] The DOCS internet inmate lookup service, http://nysdocslookup.docs.state.ny.us, indicates that plaintiff was released on parole on April 27, 2005.

communications from plaintiff about this case since the scheduling conference last May, over five months ago.

Rule 37 grants district courts "broad power" to impose sanctions, including dismissal, on parties who fail to comply with court ordered discovery. *Friends of Animals Inc., v. United States Surgical Corp.*, 131 F.3d 332, 334 (2d Cir. 1997) (per curiam). Although "dismissal under Fed. R. Civ. P. 37 is a drastic remedy that should be imposed only in extreme circumstances," *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986), this severe sanction may well be warranted, even in the case of *pro se* litigants, when, "due to willfulness or bad faith," they fail to comply with discovery orders after being warned that noncompliance can result in dismissal. *Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991); *see Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994); *accord Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990), *cert. denied*, 499 U.S. 943 (1991).

That is exactly the situation here. Plaintiff has twice failed to appear for a scheduled deposition, he has not responded to defendants' motion to dismiss, and he has made no attempt to inform the Court of his whereabouts or to explain his failures in this regard. In addition, although it appears that plaintiff never received the Court's November 22 scheduling order warning him about the consequences of not responding to defendants' motion, that is due only to his own noncompliance with Local Rule 52(d), which imposes an obligation on *pro se* litigants to keep the Court apprised of their current mailing address. That rule expressly provides that "[f]ailure to do so may result in dismissal of the case with prejudice." I find that dismissal is therefore warranted here.

**CONCLUSION**

Defendants' motion to dismiss the complaint (Dkt. #18) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 19, 2006.